IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DELLA L. FIELDS,  )
 )
    Plaintiff,  )
 )
v.  )  Civil Action No. 3:14CV50–HEH
 )
JOBAR INTERNATIONAL, INC.,  )
and AMERIMARK DIRECT, LLC,  )
 )
    Defendants.  )

## MEMORANDUM OPINION
(Defendants' Motions to Dismiss)

This is, in essence, a products liability action seeking damages for injuries allegedly caused by a defective folding cane. The Complaint alleges four closely-related causes of action: negligent design, failure to warn, breach of implied warranty, and breach of express warranty. Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

The case is presently before the Court on the Defendants' Motions to Dismiss under Federal Rule of Civil Procedure 12(b)(6).[1] Both parties have filed memoranda supporting their respective positions. This Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid in the decisional process.

---

[1] Defendant Jobar International, Inc.'s ("Jobar") Motion to Dismiss seeks only partial relief, focusing solely on Count Four and portions of Count Three relating to warranty of fitness for a particular purpose. Plaintiff does not contest the partial 12(b)(6) dismissal of the implied warranty of fitness for a particular purpose claim. (Pl.'s Mem. Opp'n to Jobar's Partial Mot. Dismiss 1, ECF No. 15.)

Before evaluating each individual claim in the Complaint, an overarching observation is warranted. The Complaint is conspicuously lean on facts. Each count hues closely to the statutory or decisional elements of the alleged cause of action. *See* Va. Code § 8.2-313–14. In Plaintiff's Memorandum in Opposition to Defendant Amerimark Direct, LLC's Motion to Dismiss, Plaintiff succinctly captures her theory of pleading, "[i]n the instant case, the Plaintiff has pleaded all requisite elements of Counts 1, 2, 3 and 4. The Plaintiff is not obliged to present a detailed narrative; instead, she must simply apprise the Defendants of the nature of the claim, which she has done." (Pl.'s Mem. Opp'n Mot. Dismiss 4, ECF No. 19.) Although Plaintiff mentions portions of the standard of review for Rule 12(b)(6) motions articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), Plaintiff seems to employ the more relaxed notice pleading standard of Virginia Supreme Court Rule 1:4. Under Rule 1:4, a pleading is sufficient "if it clearly informs the opposite party of the true nature of the claim or defense." Va. Sup. Ct. R. 1:4(d). The Virginia standard for assessing the sufficiency of a pleading is not as exacting as that employed in federal courts. However, the line of demarcation between substantive and procedural issues, which governs choice of law questions, is often murky.

In *Erie R.R. v. Thompkins*, 304 U.S. 64 (1938), "the Supreme Court held that because Congress had no power to declare substantive rules of common law applicable in a state, federal courts sitting in diversity must apply state substantive law, decisional as well as statutory, in the adjudication of state-created rights." *Hottle v. Beech Aircraft Corp.*, 47 F.3d 106, 109 (4th Cir. 1995). However, on procedural issues in diversity

cases, federal courts apply federal procedural law. Therefore, in reviewing a facial challenge to a complaint pursuant to Rule 12(b)(6), a federal court sitting in diversity relies on the law of the state to assess the adequacy of the substantive elements of the claim. However, the procedural law of the Court of Appeals for the Fourth Circuit is employed to weigh the factual sufficiency of the pleadings. *See Bayer AG v. Housey Pharms., Inc.*, 340 F.3d 1367, 1371 (Fed. Cir. 2003). For clarity, before turning to an evaluation of the individual claims in the Complaint, the Court will restate the now well settled analytical framework in the Fourth Circuit.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; . . . it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). To survive Rule 12(b)(6) scrutiny, a complaint only need contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also* Fed. R. Civ. P. 8(a)(2). ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief.") Mere labels and conclusions declaring that plaintiff is entitled to relief are not enough. *Twombly*, 550 U.S. at 555. Thus, "naked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

A complaint achieves facial plausibility when the facts contained therein support a reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*,

3

550 U.S. at 556; *see also Iqbal*, 556 U.S. at 678. This analysis is context-specific and requires "the reviewing court to draw on its judicial experience and common sense." *Francis*, 588 F.3d at 193. The court must assume all well pleaded factual allegations to be true and determine whether, when viewed in the light most favorable to the plaintiff, "they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 678.

It is also important to note that while Virginia has historically relied on a notice pleading standard, more recent applications of that standard by the Supreme Court of Virginia have rejected skeletal complaints devoid of factual support. In *Preferred Sys. Solutions, Inc. v. GP Consulting, LLC*, the Supreme Court of Virginia noted:

> Although Virginia is a notice pleading jurisdiction, see Rule 1:4(d), a complaint must still "contain [] sufficient allegations of material facts to inform a defendant of the nature and character of the claim" being asserted by the plaintiff. PSS' complaint fails to meet this standard with respect to the trade secret claim, for it contains nothing more than conclusory assertions. The complaint, for instance, does not identify what trade secrets GP misappropriated; instead, it simply references a laundry list of items that PSS considers to be "Confidential Information." Nor does it identify the improper means by which GP obtained the trade secrets or how GP has used those secrets; rather, it merely states that "GP used improper means to acquire and misappropriate PSS' Trade Secrets" and that "GP used the Trade Secrets with a conscious disregard of PSS' rights and intending to ruin PSS' business, reputation and client relationships."
>
> Because PSS' complaint fails to set forth the material facts necessary to sustain the trade secret claim, we conclude that the circuit court did not err by dismissing the claim on GP's demurrer.

284 Va. 382, 407 (2012) (internal citations omitted).

Whether this Court employs the federal standard of review articulated in *Twombly* and *Iqbal*, or the Virginia standard of measure in Virginia Rule 1:4(d), as clarified in

*Preferred Sys. Solutions, Inc.*, most counts of the Complaint in this case fall short of the mark.[2]

The Complaint consists of four counts: Count One – negligent design; Count Two – failure to warn; Count Three – breach of implied warranty; and Count Four – breach of express warranty. Both Defendants are named in each count, but Jobar's Motion to Dismiss addresses only Counts Three and Four involving claims of breach of warranty.

In Count One, Plaintiff contends that the Defendants "designed, manufactured, marketed, distributed, delivered, sold, tested, and inspected a certain adjustable folding cane manufactured by the defendants . . . for use by the plaintiff."[3] (Compl. 2, ECF No. 1.) It further asserts that the folding cane was

> defective, dangerous, unreasonably dangerous, inherently dangerous, unsafe, unsuitable for the use of the plaintiff, and not of merchantable quality.
> 3. That on or about June 17, 2012, the plaintiff was using the aforesaid adjustable folding cane, and was caused to be injured.
> 4. That the defendants negligently designed, manufactured, marketed, distributed, delivered, sold, tested, and inspected the aforesaid adjustable folding cane.
> 5. That as a direct and proximate result of the negligence of the defendants, as aforesaid, the plaintiff suffered severe and permanent injuries . . . .

(*Id.*)

Defendant Amerimark Direct, LLC ("Amerimark") contends that Count One is rich in conclusions but scant on supporting facts. The most prominent shortcoming,

---

[2] In Plaintiff's Response to Defendants' Motions to Dismiss under Rule 12(b)(6), she appears to acknowledge that the factual assertions supporting her claims are sparse. She suggests that disclosure of critical facts, such as the nature of the alleged defect of the cane, should abide the discovery process. (Pl.'s Mem. Opp'n 6.)

[3] The Complaint fails to particularize the specific acts of each Defendant.

5

according to Amerimark, is Plaintiff's failure to identify the defect in product design. "In order to sustain a products liability claim for negligent design under Virginia law, 'the plaintiff must prove that the product contained a defect which rendered it unreasonably dangerous for ordinary or foreseeable use.'" *Redman v. John D. Brush & Co.*, 111 F.3d 1174, 1177 (4th Cir. 1997) (quoting *Alevromagiros v. Hechinger Co.*, 993 F.2d 417, 420 (4th Cir. 1993)). "In addition, the plaintiff must establish that the defect existed when it left the defendant's hands and that the defect actually caused the plaintiff's injury." *Alevromagiros*, 993 F.2d at 420. Plaintiff rejoins that while the nature of the defect must be demonstrated to prove an actionable claim, it is not necessary at the pleading stage. This Court disagrees.

It is impossible for this Court to determine whether or not Plaintiff states a plausible claim for negligent design without some disclosure in the pleading of the alleged defect or deficiency in the design of the product, and how such defect was the proximate cause of Plaintiff's alleged injuries. As the U.S. Supreme Court noted in *Twombly*, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." 550 U.S. at 555. Count One, alleging negligent design, is devoid of necessary factual enhancement. *See Ball v. Takeda Pharm. Am. Inc.*, 2013 U.S. Dist. Lexis 112143 at 18–20 (E.D. Va. 2013) (citing *Ojeda v. Louisville Ladder, Inc.*, 410 Fed. Appx. 213 at 4 (11th Cir. 2010)).

Count Two, a claim of failure to warn, is equally deficient. Here the core contention, as framed in the Complaint, is

6

> [t]hat the defendants negligently failed to warn the plaintiff of the defective, dangerous, unreasonably dangerous, inherently dangerous, unsafe, unsuitable and unmerchantable condition of the aforesaid adjustable folding cane.
> 5. That as a direct and proximate result of the negligence of the defendants, as aforesaid, the plaintiff suffered severe and permanent injuries . . . .

(Compl. 3.)

As Defendant Amerimark points out, central to a determination of whether Count Two states a plausible cause of action, is a factual basis for asserting that Plaintiff either knew or had reason to know that its product was dangerous. *Owens-Corning Fiberglas Corp. v. Watson*, 243 Va. 128, 134 (1992). Such knowledge is a critical component of a failure to warn claim. *Featherall v. Firestone Tire & Rubber Co.*, 219 Va. 949, 962 (1979). As the Supreme Court of Virginia explained in *Owens-Corning*, the term "reason to know" denotes "'the fact that the actor has information from which a person of reasonable intelligence or of the superior intelligence of the actor would infer that the fact in question exists, or that such person would govern his conduct upon the assumption that such fact exists.'" *Owens-Corning*, 243 Va. at 135 (quoting *Restatement (Second) of Torts* § 12). And, as the court reiterated in that case, "[a]s we said in *Featherall*, the appropriate standard in Virginia is whether a manufacturer has a *reason to know*, not whether the manufacturer *should know*." *Owens-Corning*, 243 Va. at 136 (emphasis in original).

Aside from the failure of the Complaint to identify the specific defect in the cane, Count Two provides no information from which the Court could conclude that Amerimark was aware that its product was dangerous, giving rise to a duty to warn.

7

The language employed by Plaintiff in both Counts One and Two is a sweeping composite of legal conclusions. As the Fourth Circuit explained in *Francis v. Giacomelli*, in order to demonstrate a plausible claim a plaintiff must make a showing of entitlement to relief. "[P]laintiffs may proceed into the litigation process only when their complaints are justified by both law and fact." 588 F.3d at 193. In its current form, Count Two is simply a succession of conclusory allegations denuded of factual content.

Count Three, which again casts a very wide net, purports to allege a breach of implied warranty.[4] Plaintiff alleges "[t]hat the defendants impliedly warranted that the aforesaid adjustable folding cane was not defective, dangerous, unreasonably dangerous, or inherently dangerous and that it was safe and suitable for the use of the plaintiff and that it was of merchantable quality . . . ." (Compl. 3.) The Defendants contend that Count Three of the Complaint fails to delineate how Plaintiff's cane was defective, dangerous, unsafe, and not of merchantable quality. They also emphasize that the Complaint fails to allege that the cane was in unreasonably dangerous condition when it "left Amerimark's hands." (Def. Amerimark's Reply Mem. 5, ECF No. 20.) Moreover, there is no indication of what would place the Defendants on notice of the cane's allegedly dangerous condition.

Plaintiff, relying on *Hubbard v. Dresser, Inc.*, counters that she is not required to identify the cane's specific defects at the pleading stage to support her implied warranty claim. A close reading of *Hubbard*, however, does not appear to support this contention.

---

[4] As originally pled, Count Three alleged a breach of implied warranty of merchantability as well as fitness. Plaintiff has agreed to dismiss that portion of the implied warranty count for fitness for a particular purpose.

In *Hubbard*, the Supreme Court of Virginia concluded that in order to survive a challenge by demurrer, it was not necessary for the complaining party to plead with specificity the trade or industry standard for merchantability. 271 Va. 117, 124 (2006). The court in *Hubbard* did not specifically address the necessity to plead the nature of the defect alleged to have caused the breach.

Virginia Code § 8.2-314 provides that, in all contracts for the sale of goods by a merchant, a warranty is implied that the goods will be merchantable. "To be merchantable, the goods must be such as would pass without objection in the trade and as are fit for the ordinary purposes for which such goods are used." *Bayliner Marine Corp. v. Crow*, 257 Va. 121, 128 (1999) (internal quotations omitted); Va. Code § 8.2-314(2)(a), (c).

Without a description of the allegedly dangerous defect, this Court is unable to determine whether Plaintiff has pled an actionable claim for breach of implied warranty that is plausible. While Plaintiff need not particularize the standards of merchantability in the industry, it must provide some explanation of the cane's defective nature at the time it was manufactured or sold to survive a motion to dismiss under Rule 12(b)(6).

Plaintiff's last claim is based on an alleged breach of an express warranty. In Count Four, Plaintiff maintains "[t]hat the defendants expressly warranted that the adjustable folding cane was not defective, dangerous, unreasonably dangerous, or inherently dangerous, and it was safe and suitable for the use of the plaintiff, specifically that the cane would support weights up to 250 pounds . . . ." (Compl. 4.) The statutory

basis for Plaintiff's express warranty claim is found in Va. Code § 8.2-313. This provision reads in pertinent part:

> (1) Express warranties by the seller are created as follows:
>
> (a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.
>
> (b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description. . . .

Va. Code § 8.2-313.

The Defendants draw the Court's attention to what they contend are fatal deficiencies in Plaintiff's breach of express warranty claim. First, Defendants contend that although Plaintiff alleges in Count One that the Defendants "marketed, distributed, delivered, sold . . . a certain adjustable folding cane," there is no allegation in Count Four that they sold the folding cane at issue in this case to Plaintiff, or that they expressly made any specific warranties to her. (Compl. 2.) Secondly, they argue that Count Four is inadequate in that it fails to state that the affirmation of fact was part of the basis of the bargain. The Supreme Court of Virginia, which decides issues of substantive proof of state law-based claims, has rejected both arguments.

In *Yates v. Pitman Mfg., Inc.*, the court observed that "[a]n affirmation of fact is presumed to be a part of the bargain, and any fact that would remove such affirmation out of the agreement 'requires clear affirmative proof.' Additionally, a plaintiff is not required to show that he relied upon the affirmation in order to recover under an express

10

warranty claim." 257 Va. 601, 606 (1999) (quoting *Daughtrey v. Ashe*, 243 Va. 73, 78 (1992)). The court in *Yates* further held that "[manufacturer's] affirmation of fact created an express warranty that applied to Yates even though he was not the purchaser of the crane unit." *Yates*, 257 Va. at 606.

It is well settled in the Fourth Circuit that in considering a motion to dismiss under Rule 12(b)(6), a plaintiff's well pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *T.G. Slater & Son v. Donald P. & Patricia A. Brennan LLC*, 385 F.3d 836, 841 (2004). It is equally well established that legal conclusions are entitled to minimal weight. *Iqbal*, 556 U.S. at 678. It is often difficult during the context-specific analysis of a complaint to distinguish factual allegations from legal conclusions. In the immediate case, Count Four clearly states an alleged affirmation of fact which, if proven, could plausibly form the basis of an express warranty. Furthermore, viewing the Complaint in the light most favorable to Plaintiff, a court could conclude that one or both of the Defendants sold the adjustable folding cane to Plaintiff. While the factual basis supporting Count Four is reed thin, it appears to state a sufficiently plausible claim to survive this stage of the proceedings.

Based on the foregoing analysis, Defendant Amerimark's Motion to Dismiss will be GRANTED as to Counts One, Two, and Three. Defendant Jobar's Partial Motion to Dismiss will also be GRANTED as to Count Three. Counts One, Two, and Three will therefore be DISMISSED WITHOUT PREJUDICE.

Although counsel's crafting of the Complaint in this case is the quintessence of minimalist pleading, the Defendants' Motions to Dismiss Count Four will be DENIED.

11

An appropriate Order will accompany this Memorandum Opinion.

                                            /s/
                                        Henry E. Hudson
                                        United States District Judge

Date: April 16, 2014
Richmond, VA

12